## No. 12,315.

KESTLE ET AL. *v.* PREUIT.

(298 Pac. 415)

Decided April 6, 1931.

Mr. EDWARD N. BURDICK, Mr. CLARENCE O. MOORE, Mr. T. LEE WITCHER, for plaintiffs in error.

Mr. CARL CLINE, Mr. BRYAN L. WHITEHEAD, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff below, defendant in error here, owned farm lands in Arapahoe county, Colorado. The defendants below, plaintiffs in error here, owned farm lands in Park county, Colorado. The parties entered into a contract in writing for the transfer and exchange of real estate. Plaintiff Preuit placed a valuation on his farm at $75,000, and the defendants placed a value on their lands at $40,000. It is not necessary to set forth all the terms of this somewhat complicated contract, and this is so in view of our conclusion that the judgment here complained of by the defendants cannot, in any event, be set aside.

This contract provided that the agreement was made subject to the right of the plaintiff to inspect and approve the Park county ranch of the defendants within ten days from the date thereof, and that at the expiration of the period of ten days it shall be presumed that the plaintiff has approved the same, unless prior to that time he shall have informed the defendants that he has not done so and if such inspection and approval had not been made as the contract provided for, the agreement between the parties should be cancelled. The plaintiff says he told defendants that he approved of their property and never intimated his disapproval of the same.

So far as we can determine from the very imperfect abstract of the record, this was the principal, if not the only, question of importance in the case. On the one side the plaintiff claims that he approved of the Park county lands and so notified the defendants and never by word or conduct disapproved of the same, and because of the failure of the defendants to carry out the exchange transaction he has suffered damages in a large sum of money. This damage he says was occasioned by the fact that one of the terms of the contract provided that immediately upon the approval by the plaintiff of the defendants' Park county lands, they were required to pay to the plaintiff the sum of $7,000 which, had the payment been made, as it was not, would have enabled the plaintiff to

redeem from a foreclosure sale under a judgment against him and thereby enabled him to have carried out the exchange contract on his part. The plaintiff further alleges, and the evidence tended to show, that the defendants knew of the state of the title of the plaintiff's lands and that the $7,000, which they promised to pay, would be sufficient to clear it so that plaintiff could carry out the contract on his part. The present action by the plaintiff had for its object to recover from the defendants the damages which he sustained by their failure to complete and comply with the agreement.

Upon trial to a jury there was a verdict for the plaintiff in the sum of $4,000, which the court approved and entered judgment in that sum for the plaintiff, and the defendants are here with this writ of error.

In the state of the record before us we cannot interfere with this judgment. The abstract of the record is obviously imperfect and not in accordance with rule 36 of this court which provides that the abstract of the record shall contain not merely a brief statement of the contents of the pleadings, the judgment and the assignments of error relied upon, but also such other parts of the record as may be essential to a proper understanding and determination of the questions raised. The evidence is not summarized, the instructions of the court are absent, and it is impossible to determine from this abstract the questions which are argued by the plaintiffs in error in their brief. We must presume, in the condition of the record before us, that no prejudicial error was committed by the trial court. It is incumbent upon a plaintiff in error to show error. It sufficiently appears from the record as it now exists that the testimony was more or less in conflict. It is within the province of the jury to pass upon the merits of the case as disclosed by the evidence and we must presume, in the absence of anything appearing in the record to the contrary, that the court properly advised the jury on the law applicable to the case.

Other reasons could be given for the affirmance of this judgment, but the foregoing observations sufficiently disclose why it cannot be interfered with.   Judgment affirmed.

Mr. Chief Justice Adams, Mr. Justice Hilliard and Mr. Justice Alter concur.